******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CITY OF NEW HAVEN *v.* G. L. CAPASSO, INC., ET AL.
(AC 35609)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Argued May 15—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of New Haven, Hon. Robert I. Berdon, judge trial referee.)

*Laurence V. Parnoff*, for the appellants (defendants).

*Audrey C. Kramer*, assistant corporation counsel, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, Giuseppe Capasso and G. L. Capasso Inc.,[1] appeal from the judgment of the trial court, rendered after trial to the court, in favor of the plaintiff, the city of New Haven. On appeal, the defendants assert that the court erred in its interpretation of a special exception to a zoning ordinance and improperly concluded that the defendants violated the conditions of that special exception. We disagree, and affirm the judgment of the court.

The record reveals the following relevant facts and procedural history. In October, 1984, Capasso submitted an application to the city of New Haven Board of Zoning Appeals (board) for a special exception to permit a change in the nonconforming use of 15 Oxford Street, New Haven (property), from manufacturing to the storage of construction materials.[2] Following a hearing, the board granted the application for a special exception subject to the following three conditions: "(1) All materials, construction tools and equipment shall be stored indoors; (2) [h]ours of access shall be limited to 7:00 a.m. to 8:00 p.m., Monday through Saturday; (3) [o]vernight storage . . . shall be limited to three vehicles (pickup truck and two [half] ton dump trucks)."[3] Capasso did not appeal the imposition of these conditions.

On October 11, 2011, the plaintiff commenced the underlying action against the defendants. In its complaint, the plaintiff alleged that "at various times and continuing to the present time, the defendant[s] [have] been and [are] continuing to be in violation of the conditions of the special exemption granted to them to permit a nonconforming use in a [residential] zone." The plaintiff sought a temporary and permanent injunction requiring the defendants to refrain from violating the conditions of the special exception. After a trial, the court issued its memorandum of decision, in which it found that the defendants had violated the conditions of the special exception and had failed to prove their special defenses.[4] Accordingly, the court rendered judgment in favor of the plaintiff and issued a mandatory injunction compelling the defendants to "abide by all the conditions of the special exception." The defendants appealed.

We begin by setting forth the appropriate standard of review. "[T]he scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal

quotation marks omitted.) *Shevlin* v. *Civil Service Commission*, 148 Conn. App. 344, 353–54, 84 A.3d 1207 (2014). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Customers Bank* v. *Boxer*, 148 Conn. App. 479, 484, 84 A.3d 1256 (2014).

On appeal, the defendants argue that the court erred in its interpretation of the second condition of the special exception and thereby improperly restricted the defendants' use of the property.[5] We are not persuaded.

We find no support in the record for the defendants' assertion that the term "hours of access" in the second condition "applies only to vehicles to be parked or stored on the [p]roperty and not to the [d]efendants' right to enter and use the [p]roperty . . . ." Capasso asserted in his application for a special exception that his proposed use of the property was for the "storage of construction supplies." After reviewing the application, the New Haven City Plan Commission, in its advisory report, recommended the inclusion of the conditions because of the "great potential for abuse [that] exists, [which] could prove detrimental to the surrounding residences." In this context, it is clear that the second condition, which establishes that the "[h]ours of access shall be limited to 7:00 a.m. to 8:00 p.m., Monday through Saturday," is a restriction on the hours during which the defendants can access the property *for the purpose of engaging in the storage of construction materials.*[6] The evidence before the court at trial included multiple video clips of the defendants' employees loading construction materials into vehicles and performing related work on the site prior to 7 a.m. Accordingly, we conclude that there is ample support for the court's determination.

The judgment is affirmed.

[1] Capasso is the president and managing partner of G. L. Capasso, Inc.

[2] Capasso was not the owner of the property when he filed the application for a special exception. He purchased the property subsequent to the granting of his special exception. G. L. Capasso, Inc., has been a tenant of the property at all relevant times.

[3] The conditions were recommended to the board by the New Haven City Plan Commission.

[4] The defendants claimed, as special defenses, that (1) "the hours of restriction related only to the operation of diesel construction vehicles"; (2) "the purpose of the second condition no longer existed"; and (3) "the plaintiff led the defendant[s] to believe the hours of restriction applied only to vehicles stored on the property."

[5] The defendants also assert that the plaintiff did not offer proof that the defendants violated the first and third conditions of the special exception. A review of the record reveals that although the plaintiff submitted photos showing the storage of materials outside of the buildings on the property in violation of the first condition, no evidence was submitted to establish a violation of the third condition. Nevertheless, the court's broad holding is not impacted, as there was sufficient evidence submitted to establish the defendants violated the first and second conditions.

[6] This is not an absolute restriction prohibiting the defendants from entering and using the property between the hours of 8 p.m. and 7 a.m.; therefore, we need not address the defendants' claim that the enforcement of the special exception was an unconstitutional deprivation of property.

——————————————————————